**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GODFREY PANAM,<br><br>Petitioner,<br><br>v.<br><br>LORETTA LYNCH, Attorney General of the United States of America, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:15-cv-01867<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

# REPORT AND RECOMMENDATION

On September 28, 2015, this matter was transferred from the United States District Court for the Southern District of Florida to this Court pursuant to 28 U.S.C. § 1404(a). (Doc. 15).

On June 8, 2015, the Florida court received and filed a *pro se* petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner on June 1, 2015. (Doc. 1). In this petition, Panam, a native and citizen of Nigeria, challenged the legality of his extended post-removal detention. At the time of filing, Panam was being held in the custody of U.S. Immigration and Customs Enforcement ("ICE") at Krome Service Processing Center, located in Miami-Dade County, Florida.

On July 23, 2015, the respondents filed an answer to the petition suggesting that the petition should be transferred to the Middle District of Pennsylvania on ground of *forum non conveniens*. The respondents noted that the petitioner's immigration removal case was being handled by the Philadelphia regional office of ICE, that he had been transferred only temporarily to Krome Service Processing Center to receive medical care not available at York County Prison, where he previously had been incarcerated, and that he had been transferred back to York County Prison, located in York County, Pennsylvania, on June 25, 2015. (Doc. 11). On September 23, 2015, the Florida court ordered that the case be transferred, and on September 28, 2015, the clerk of the Florida court executed the transfer as ordered.

In the interim, the petitioner had filed a separate habeas petition in this Court. *Panam v. Lynch*, Case No. 1:15-cv-01591 (filed Aug. 14, 2015). On August 27, 2015, the respondents filed a suggestion of mootness in that case reporting that Panam had been released from ICE custody on August 19, 2015, on an order of supervision.[1] Because Panam "has achieved the

---

[1] In addition to the petition, a federal habeas court may take judicial notice of its own records. *See Ernst v. Child & Youth Servs. of Chester*

*(continued on next page)*

result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief,'" his habeas petition is now moot. *Nunes v. Decker*, 480 Fed. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Attorney Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)); *see also Rojas v. Lowe*, No. 1:CV-13-871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013).

Accordingly, it is recommended that the petition (Doc. 1) be **DISMISSED AS MOOT** and this case be marked as **CLOSED**.

**Dated: October 5, 2015**

***s/ Joseph F. Saporito, Jr.***
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

---

*County*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988); *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GODFREY PANAM,<br><br>Petitioner,<br><br>v.<br><br>LORETTA LYNCH, Attorney General of the United States of America, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:15-cv-01867<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

**NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 5, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 5, 2015**

***s/ Joseph F. Saporito, Jr.***
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**